# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| E. M., T. M., and H. M., <br><br> Plaintiffs, <br><br> v. <br><br> HUMANA and NORTHSIDE HOSPITAL INC FLEXIBLE BENEFIT PLAN, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT HUMANA'S MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION TO AMEND** <br><br> Case No. 2:18-cv-00789-CMR <br><br> Magistrate Judge Cecilia M. Romero |

This matter is before the court on Defendant Humana's Motion to Dismiss Plaintiffs' Second Cause of Action alleging a violation of the Mental Health Parity and Addiction Equity Act (Parity Act or MHPAEA) (ECF 16) and Plaintiffs' request for leave to amend their complaint (ECF 22).[1] On July 30, 2019, the court held a hearing and took the matter under advisement. After considering the parties' briefing and oral argument, the court enters the following Memorandum Decision and Order.

---

[1] Plaintiffs requested leave to amend their complaint in their memorandum in opposition to Humana's motion to dismiss (ECF 22, at 19), but did not file a separate motion for leave to amend their complaint in accordance with local rules. *See* DUCivR 15-1 ("Parties moving under Fed. R. Civ. P. 15 to amend a complaint must attach the proposed amended complaint as an exhibit to the motion for leave to file."). Nonetheless, Plaintiffs attached their proposed amended complaint as an exhibit to their opposition (ECF 22-1), and Humana responded to it in their reply memorandum (ECF 27). As stated at the hearing, the court has construed Plaintiffs' request as a motion for leave to file an amended complaint despite its procedural deficiencies and addresses the proposed amended complaint and the possibility of further amendment herein.

## I. BACKGROUND

E.M. (E) and T.M. (T)[2] are the parents of H.M. (H). E was a participant in the Northside Hospital Inc. Flexible Benefit Plan (Plan), and H was a beneficiary of the Plan. The Plan is a self-funded employee welfare benefits plan under the Employee Retirement Income Security Act of 1974 (ERISA). H suffers from various mental health and behavioral issues and has been diagnosed as being on the autism spectrum. H received medical care and treatment at Daniels Academy (Daniels), a residential treatment facility located in Utah. Daniels provides sub-acute treatment to adolescents with academic, behavioral, or social problems, including individualized care for autism spectrum disorder. H stayed at Daniels from December 29, 2015 through May 25, 2018.

E submitted a claim to Humana for H's treatment at Daniels. Humana initially approved and paid for H's treatment at Daniels until January 12, 2016. Humana thereafter denied payment for treatment because it determined that H's treatment did not meet the "medically necessary" criteria. In a letter dated January 13, 2016, Humana provided the following justification for the denial: "As of 1/12/16 your child has no acute symptoms that require 24 hour nursing care. Your child is not a danger to self or others. Your child is not aggressive. Your child is medically stable. Residential treatment is denied 1/12/16- forward. Your child can be treated in a lower level of care, such as partial hospitalization." Plaintiffs allege that E incurred medical expenses totaling over $264,000 that should have been paid by the Plan.

---

[2] In response to Humana's argument that T has no standing to bring this action, Plaintiffs removed T as a party from their proposed amended complaint (ECF 22, at 24), thereby conceding that T lacks standing. The court agrees that T does not have standing under ERISA because Plaintiffs have failed to allege that T is either a participant or a beneficiary of the Plan. *See* 29 U.S.C. § 1132(a)(1). The court therefore dismisses T as a party in this action.

Plaintiffs bring two causes of action: (1) to recover benefits under the Plan pursuant to section 1132(a)(1)(B) of ERISA; and (2) to obtain equitable relief pursuant to section 1132(a)(3) of ERISA for a violation of the Parity Act. Humana filed a motion to dismiss the Second Cause of Action (ECF 16), arguing that the Parity Act claim is duplicative of the denial of benefits claim, and that in any event, Plaintiffs have failed to state a claim for a Parity Act violation. Plaintiffs attached a proposed amended complaint to their opposition to Humana's motion to dismiss and requested leave to amend their complaint (ECF 22). Humana's reply memorandum argued that the Second Cause of Action is subject to dismissal under either complaint (ECF 27).

## II. LEGAL STANDARDS

### A. Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss, the court's task is to "determine whether the plaintiff has pleaded 'enough facts to state a claim to relief that is plausible on its face,' not just 'conceivable.'" *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint "must give just enough factual detail to provide 'fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements' do not count as well-pleaded facts." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "If, in the end, a plaintiff's 'well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,' the complaint fails to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

3

### B. Motion to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'" *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) (quoting *Bradley v. J.E. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)). "In considering futility, the Court employs the motion to dismiss standard and takes all well-pled factual allegations as true." *Melissa P. v. Aetna Life Ins. Co.*, No. 2:18-CV-216-RJS-EJF, 2018 WL 6788521, at *1 (D. Utah Dec. 26, 2018) (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992)).

### III. DISCUSSION

#### A. Plaintiffs' Second Cause of Action is subject to dismissal because it fails to state a claim for which relief can be granted under the Parity Act.

The Parity Act "requires that a plan's treatment and financial limitations on mental health or substance abuse disorder benefits cannot be more restrictive than the limitations for medical and surgical benefits." *Roy C. v. Aetna Life Ins. Co.*, No. 2:17-CV-1216-DB, 2018 WL 4511972, at *3 (D. Utah Sept. 20, 2018) (citing 29 U.S.C. § 1185a(a)(3)(A)(ii)). The Parity Act's implementing regulations state:

> A group health plan (or health insurance coverage) may not impose a nonquantitative treatment limitation with respect to mental health or substance use disorder benefits in any classification unless, under the terms of the plan (or health insurance coverage) as written and in operation, any processes, strategies, evidentiary standards, or other factors used in applying the nonquantitative treatment limitation to mental health or substance use disorder benefits in the classification are comparable to, and are applied no more stringently than, the processes, strategies, evidentiary standards, or other factors used in applying the limitation with respect to medical/surgical benefits in the classification.

29 C.F.R. § 2590.712(c)(4)(i). The Parity Act is intended to "end discrimination in the provision of insurance coverage for mental health and substance use disorders as compared to coverage for

medical and surgical conditions in employer-sponsored group health plans." *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 356 (2d Cir. 2016).

Courts have held that "plaintiffs have two ways to allege a Parity Act violation." *Michael D. v. Anthem Health Plans of Kentucky, Inc.*, 369 F. Supp. 3d 1159, 1175 (D. Utah 2019) (citing *A.Z. v. Regence Blueshield*, 333 F. Supp. 3d 1069, 1080–82 (W.D. Wash. 2018)). "First, a plaintiff can allege that the plan 'categorically' denies coverage in a way that violates the act . . . This challenge can target the language of the plan or the processes of the plan that implementing guidelines require to be applied in a nondiscriminatory manner." *Id.* (citing *A.Z.*, 333 F. Supp. 3d at 1081–82). "Second, plaintiffs can allege that the exclusion is discriminatory in application because the administrator has in practice excluded [a treatment] even when such exclusion is not permitted by the plan." *Id.* Thus, a plaintiff "'can make an as-applied challenge by alleging that the mental health or substance abuse services at issue meet the criteria imposed by [the] insurance plan and that the insurer imposed some additional criteria to deny coverage of the services at issue.'" *Anne M. v. United Behavioral Health*, No. 2:18-CV-808-TS, 2019 WL 1989644, at *2 (D. Utah May 6, 2019) (quoting *H.H. v. Aetna Ins. Co.*, 342 F. Supp. 3d 1311, 1319 (S.D. Fla. 2018)).

"Because the Parity Act 'targets limitations that discriminate against mental health and substance abuse treatments in comparison to medical or surgical treatments,' to survive the dismissal of a Parity Act claim, a plaintiff must allege a medical or surgical analogue that the plan treats differently than the disputed mental health or substance abuse services." *Roy C.*, 2018 WL 4511972, at *3 (emphasis omitted) (quoting *Welp v. Cigna Health & Life Ins. Co.*, Slip Copy, 2017 WL 3263138, at *5 (S.D. Fla. July 20, 2017)). The Final Rules under the Parity Act state that skilled nursing facilities are the medical/surgical analogue for residential mental health

5

treatment centers. *See B.D. v. Blue Cross Blue Shield of Georgia*, No. 1:16-CV-00099-DN, 2018 WL 671213, at \*4 (D. Utah Jan. 31, 2018) (citing Final Rules Under the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 (Final Rules), 2013 WL 5981462, 78 Fed. Reg. 68240, 68247 (Nov. 13, 2013)). The Final Rules also state that the Department of Labor (DOL) has given claimants the right to request free of charge "reasonable access to and copies of all documents, records, and other information relevant to the claimant's claim for benefits," including "documents of a comparable nature with information on medical necessity criteria for both medical/surgical benefits and mental health and substance use disorder benefits, as well as the processes, strategies, evidentiary standards, and other factors used[.]" *See* Final Rules, 2013 WL 5981462, 78 Fed. Reg. 68247–68248.

Plaintiffs rely on the *Melissa P.* case to argue that the allegations in their proposed amended complaint identifying the discriminatory criteria are adequate (ECF 22, at 11). In *Melissa P.*, this court granted the plaintiff leave to amend her complaint where the proposed amended complaint included allegations that the defendant "requires acute symptoms prior to approving subacute care in the mental health realm when it would not do so in the physical health realm." *Melissa P. v. Aetna Life Ins. Co.*, No. 2:18-CV-00216-RJS-EJF, 2018 WL 6788521, at \*4 (D. Utah Dec. 26, 2018). The proposed amended complaint also included allegations that the plaintiff had "asked [defendant] to send her its skilled nursing criteria so she could assess whether [defendant] administered medical and surgical benefits under the Plan with restrictions similar to those imposed on mental health benefits" and that defendant "did not give her the requested criteria." *See id.* at \*3.

In more recent cases, this court has determined that Parity Act claims were subject to dismissal when they were missing some or all of these allegations identifying or requesting more

6

information about the discriminatory processes, strategies, evidentiary standards, or other factors, i.e., criteria, used to deny benefits. *See, e.g.*, *Kerry W. v. Anthem Blue Cross & Blue Shield*, No. 2:19-CV-67-DB, 2019 WL 2393802, at \*4 (D. Utah June 6, 2019) (no allegations identifying discriminatory criteria); *Peter E. v. United HealthCare Servs., Inc.*, No. 2:17-CV-435-DN, 2019 WL 3253787, at \*4 (D. Utah July 19, 2019) (no allegations regarding requesting criteria); *Anne M. v. United Behavioral Health*, No. 2:18-CV-808-TS, 2019 WL 1989644, at \*3 (D. Utah May 6, 2019) (same). In contrast, this Court recently determined in *David S.* that the plaintiffs had adequately stated a Parity Act claim where the complaint included not only allegations attempting to identify the discriminatory criteria, but also allegations detailing efforts to request additional information about the criteria. *See David S. v. United Healthcare Insurance Company*, No. 2:18-CV-803, 2019 WL 4393341, at \*4 (D. Utah Sept. 13, 2019).

Here, Plaintiffs are making an as-applied challenge to the Plan.[3] Specifically, Plaintiffs allege that "[c]omparable benefits offered by the Plan for medical/surgical treatment analogous to the benefits the Plan excluded for H.'s treatment include sub-acute inpatient treatment settings such as skilled nursing facilities, inpatient hospice care, and rehabilitation facilities" and "[f]or none of these types of treatment does Humana exclude or restrict coverage of medical/surgical conditions based on medical necessity, geographic location, facility type, provider specialty, or other criteria in the manner Humana excluded coverage of treatment for H. at [Daniels]" (ECF 22, at 11–12; ECF 2, at ¶ 44; ECF 22-1, at ¶ 44). Plaintiffs further allege that "[t]he actions of Humana and the Plan requiring that H. satisfy acute care medical necessity criteria in order to obtain coverage for continued residential treatment violates MHPAEA and generally accepted

---

[3] During oral argument, Plaintiffs conceded that their Parity Act claim is an as-applied challenge.

7

standards of medical practice for sub-acute residential treatment that H. received at [Daniels]"
(ECF 22, at 12; ECF 2, at ¶ 45; ECF 22-1, at ¶ 45).

The court finds that Plaintiffs' allegations are insufficient to state a claim under the Parity Act. Although Plaintiffs have included allegations identifying skilled nursing facilities, inpatient hospice care, and rehabilitation as the medical/surgical analogue to the mental health services at issue, *see Roy C.*, 2018 WL 4511972, at *3, Plaintiffs have failed to include sufficient allegations identifying the discriminatory processes, strategies, standards, or other factors or criteria used to deny benefits, *see* 29 C.F.R. § 2590.712(c)(4)(i). Unlike in *Melissa P.*, Plaintiffs have also failed to include allegations that they requested additional information from Humana about the alleged discriminatory criteria used to deny benefits. While Plaintiffs argued that making such a request would be futile because such information is rarely provided, because there are no allegations that a request was made, the court is unable to give that argument any credence. Given that the Final Rules grant claimants the right to request such information free of charge as part of the administrative process, Plaintiffs' failure to include more specific factual allegations about the discriminatory criteria used renders their Parity Act claim vague, conclusory, and speculative. Plaintiffs' Second Cause of Action is therefore subject to dismissal.

### B. Plaintiffs' proposed amendment is futile because the Parity Act claim under § 1132(a)(3) is duplicative of the benefits claim under § 1132(a)(1)(B).

Section 1132(a)(1)(B) of ERISA permits a "participant or beneficiary" to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Meanwhile, section 1132(a)(3) allows a civil action "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or to obtain

8

other appropriate equitable relief to redress such violations or to enforce any provisions of this subchapter or the terms of the plan." *Id.* § 1132(a)(3).

Generally, "when a plaintiff can state a claim for relief under 29 U.S.C. § 1132(a)(1)(B), the plaintiff cannot maintain simultaneously a claim under 29 U.S.C. § 1132(a)(3)." *Lefler v. United HealthCare of Utah, Inc.*, 162 F. Supp. 2d 1310, 1324–25 (D. Utah 2001), *aff'd,* 72 F. App'x 818 (10th Cir. 2003) (emphasis omitted). This is because "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Renaissance Ranch Outpatient Treatment, Inc. v. Golden Rule Ins. Co.*, No. 2:16-CV-00872-DN, 2017 WL 2684006, at *5 (D. Utah June 21, 2017) (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996)).

However, courts have held that "a plaintiff could bring both a § 1132(a)(1)(B) claim and a § 1132(a)(3) claim if the claims were directed toward remedying two different injuries, even if the two claims sought the same remedy" in order "to ensure [the plaintiff] could be made whole." *See Williams v. FedEx Corp. Servs.*, No. 2:13-CV-37-TS, 2015 WL 248570, at *4 (D. Utah Jan. 20, 2015) (citing *Gore v. El Paso Energy Corporation Long Term Disability Plan*, 477 F.3d 833 (6th Cir. 2007)). In other words, a plaintiff may pursue a claim under § 1132(a)(3) where the claim "is based on an injury separate and distinct from the denial of benefits or where the remedy afforded by Congress under § [1132](a)(1)(B) is otherwise shown to be inadequate." *See Sliwinski v. Aetna Life Ins. Co.*, No. 17-CV-01528-RM-MEH, 2017 WL 4616599, at *6 (D. Colo. Oct. 16, 2017), report and recommendation adopted, No. 17-CV-01528-RM-MEH, 2018 WL 4697310 (D. Colo. Mar. 2, 2018) (emphasis omitted) (quoting *Rochow v. Life Insurance Co. of North America*, 780 F.3d 364 (6th Cir.), *cert denied*, 136 S. Ct. 480 (2015)); *see also Craft v.*

9

*Health Care Serv. Corp.*, No. 14 C 5853, 2016 WL 1270433, at \*6 (N.D. Ill. Mar. 31, 2016) (dismissing a § 1132(a)(3) claim because it "seeks essentially the same relief and is based on the same underlying conduct" as the § 1132(a)(1)(B) claim and is "merely a repackaged denial of benefits claim[]" (citation and internal quotation marks omitted)).

Here, Plaintiffs assert that their claims are not duplicative and that these claims may be brought simultaneously in order to remedy a Parity Act violation (ECF 22, at 4). Plaintiffs argue that even if the court finds that Humana wrongfully denied coverage, the separate question of whether it violated the Parity Act would remain and that the Second Cause of Action goes beyond a violation of ERISA and seeks a meaningful remedy under the Parity Act (ECF 22, at 5–6). The court is not persuaded by Plaintiffs' arguments. Plaintiffs' claims are duplicative because they essentially allege the same injury of denial of benefits and seek the same relief of payment of benefits. Plaintiffs allege no other injury that is separate and distinct from the denial of benefits. Under both claims, Plaintiffs assert that the denial of benefits was unlawful and that they are therefore entitled to a payment of benefits. Moreover, although Plaintiffs list various forms of equitable remedies in their proposed amended complaint (ECF 22-1, at 12), these remedies in effect amount to a determination and payment of benefits. Plaintiffs have thus failed to point to any injury that would not be adequately remedied by the payment of benefits. Accordingly, Plaintiffs' Parity Act claim under § 1132(a)(3) as amended is subject to dismissal as duplicative of Plaintiffs' denial of benefits claim under § 1132(a)(1)(B), and further amendment of Plaintiffs' complaint would be futile.

## IV. CONCLUSION

It is therefore ORDERED that Humana's motion to dismiss is GRANTED; Plaintiffs' request for leave to amend is DENIED; and Plaintiffs' Second Cause of Action is DISMISSED with prejudice.

DATED this 26 September 2019.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah